In re Karol Jeanne WILDER a/k/a Karol Jeanne Stockett, Debtor.

ILLINOIS DEPARTMENT OF PUBLIC AID, Plaintiff,

v.

Karol Jeanne WILDER a/k/a Karol Jeanne Stockett, Defendant.

Bankruptcy No. 94–41013–172.
Adv. No. 94–4234–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

March 22, 1995.

Robert J. Blackwell, trustee, St. Louis, MO.

Sherilyn Jo Bennett, St. Louis, MO, for defendant.

Thomas Benedick, Asst. Atty. Gen., State of Ill., Belleville, IL.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

This Order addresses the Plaintiff's motion to reconsider the Court's Orders entered on February 17, 1995 and February 23, 1995, and the Defendant's responsive motion to dismiss the Plaintiff's motion to reconsider, and a request for costs and attorney fees.

Neither motion included a memorandum of law.

The Plaintiff's motion to reconsider does not refer to a statute or rule as a basis for the relief requested. If the request is intended to be a motion to alter or amend a judgment pursuant to Bankruptcy Rule 9023 and Federal Rule of Civil Procedure 59, the request must be denied as having been filed out of time.

If the request is intended to be a motion for Relief From Judgment or Order pursuant to Bankruptcy Rule 9024, and Rule 60(b), F.R.Civ.P., the Court has determined

that the Plaintiff's motion filed on March 13, 1995 was made within a reasonable time after the Orders were entered, and will be considered further here.

On the 13th day of October, 1994, the Plaintiff stipulated, "That the applicable statute of limitations for fraud in Illinois is five (5) years from discovery." Adversary file no. 94–4234, document no. 9. In its motion to reconsider, the Plaintiff has submitted no authority or other support for its conclusion that, notwithstanding its stipulation, the statute of limitations does not apply to Plaintiff.

In the circumstances presented in this Adversary Proceeding, and on consideration of the record as a whole, it was not unreasonable for the Parties and the Court to rely upon the stipulation and the summary judgment procedure agreed upon by the parties, as a fair and economically sound method to resolve the disputed issue.

The Court finds and concludes that the Plaintiff's motion has not presented any reason justifying relief from the operation of the judgment.

**IT IS ORDERED** that this matter is concluded; and that the Plaintiff's motion to reconsider the Court's previous orders by altering or amending the judgment pursuant to Rule 59(e), Federal Rules of Civil Procedure is denied as having been filed out of time.

**IT IS FURTHER ORDERED** that the Plaintiff's motion to reconsider the Court's previous orders by relieving it from such final orders pursuant to Rule 60(b), Federal Rules of Civil Procedure is denied for the reasons set out above.

**IT IS FURTHER ORDERED** that the Defendant's motion to dismiss Plaintiff's motion to reconsider is denied as moot.

In addition to the foregoing, the Court has determined that the Defendant's request to find that the position of the Plaintiff/Creditor was not substantially justified in this Adversary Proceeding is not supported by the record in this matter. Therefore,

**IT IS FURTHER ORDERED** that the Defendant's motion for attorney's fees pursuant to 11 U.S.C. § 523(d) is denied; and that all other requests in this matter are denied.